**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**SHAKERA GILBERT** **PLAINTIFF**

**v.** **No. 4:26-cv-944-DPM**

**BANK OZK, Entity as Business; LORI ANN PAYNE, Customer Service Floor Manager; DALLAS BYRD, Customer Service Direct Manager; and VIRGINIA MEDFORD, Director of Human Resource, VP** **DEFENDANTS**

# ORDER

**1.** Gilbert's application to proceed *in forma pauperis, Doc. 1,* is granted. She reports currently living on unemployment benefits and no savings.

**2.** The Court must screen Gilbert's complaint, *Doc. 2.* 28 U.S.C. § 1915(e)(2). Gilbert, a black woman, was hired for a 60-day probationary period with Bank OZK, and the bank fired her on the 59th day. She was having work performance challenges and mental health problems, which manifest in wearing a hijab. She was also pregnant. Bank OZK told her that she couldn't wear the hijab without seeking an accommodation. Gilbert says she met with her manager and began the accommodations process before being fired because of poor

performance. She brings ADA, Title VII, and FLSA claims against Bank OZK and several of her supervisors.

Gilbert's claims against defendants Payne, Byrd, and Medford are dismissed because there's no individual liability under either Title VII or the ADA. 42 U.S.C. § 2000e-2; *Carson v. Lacy*, 856 Fed. App'x 53, 54 (8th Cir. 2021) (Title VII ); *Hawkins v. Arkansas Department of Human Services*, No. 4:140cv0546-JLH, 2017 WL 10621235, *4 (E.D. Ark. 3 April 2017) (ADA). Her discrimination claim fails because she hasn't alleged that employees of a different race or religion received preferential treatment. *Johnson v. Securitas Security Services*, 769 F.3d 605, 613 (8th Cir. 2014). And her FLSA claim is also dismissed because she hasn't stated any facts to support it.

Gilbert has stated a plausible hostile work environment claim against Bank OZK about the circumstances surrounding her wearing a hijab. *Al-Zubaidy v. TEK Industries, Inc.*, 406 F.3d 1030, 1038–39 (8th Cir. 2005). Her failure to accommodate claim against the bank also survives; the record needs more factual development on what accommodations Gilbert sought and what the bank knew when she was fired.

**3.** The Clerk must prepare summons for Bank OZK and provide copies of the summons along with the complaint and this Order to the Marshal, who must serve process, without prepayment of fees, by registered mail, restricted delivery, return receipt required on Bank OZK on any registered agent, or any other officer, managing

agent, or any other agent authorized to receive service at the address provided in the complaint.

So Ordered.

D.P. Marshall Jr.
United States District Judge

27 October 2026